UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00320-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KELVIN MCCALLISTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* letter motion seeking "placement into direct home confinement" filed by Defendant Kelvin McCallister ("McAllister"). See Record Document 33. The motion has been construed as a motion for compassionate release due to the COVID-19 pandemic. McCallister's *pro se* letter was filed on April 3, 2020. On April 7, 2020, the Office of the Federal Public Defender advised the Court that Betty Marak would be enrolling in this matter. The Government filed its response in opposition to McCallister's motion. See Record Document 36. Ms. Marak filed a reply on behalf of McCallister. See Record Document 37.

McCallister is serving an 87 month sentence for violation of 18 U.S.C. § 2252(a)(2)(A), receiving child pornography. See Record Document 32. He was sentenced for such offense on August 15, 2014. See Record Document 30. He is presently serving his sentence at the Federal Medical Center in Devens, Massachusetts. In 2005, McAllister suffered renal failure and received a kidney transplant. See Record Document 37 at 2. He takes, and will continue to take for the duration of his life, immunosuppressant drugs. See id.

According to defense counsel, McCallister was scheduled to be released to a halfway house in Lake Charles, Louisiana on May 20, 2020, six months prior to the expiration

of his sentence. See id. at 1. This release was scheduled and approved in December 2019, prior to the COVID-19 outbreak. See id. The Bureau of Prisons ("BOP") recently informed McCallister that his release date to the half-way house would be pushed back to May 27, 2020. See id. at 2.

Because of his vulnerability, the defense seeks immediate release of McCallister due to the health risks caused by the COVID-19 pandemic. See Record Documents 33, 37. Defense counsel concedes there has been no exhaustion of administrative remedies within BOP. Yet the defense asks the Court to waive such requirement "as requiring exhaustion will only increase the administrative burden on the BOP and slow down the process of releasing this most vulnerable inmate." Record Document 37 at 3. Defense counsel points to McCallister's health issues, his status as a model inmate, and his lifetime term of supervised release in support of his request for immediate release. See id. at 4. Defense counsel also stated in the reply that the United States Probation Office conducted a pre-release study and determined that McCallister has a suitable residence in Shreveport, Louisiana, more specifically he will reside there with his father upon release. See id. McCallister's sister has also agreed to purchase him an airline ticket to return to Shreveport. See id. Alternatively, the defense asks the Court to recommend to the BOP that McCallister be released on May 27, 2020 directly to home confinement, rather than to a half-way house. See id. The defense contends that this Court has jurisdiction to enter such a judicial recommendation to the BOP. See United States v. Doshi, No. 13-cr-20349, 2020 WL 1527186 (E.D. Mich. March 31, 2020). The Government opposes McCallister's motion, as he has not yet exhausted administrative remedies within the BOP. See Record Document 36.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, McCallister moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.

    Here, McCallister admits that he has not exhausted his administrative remedies within the BOP. Instead, he asks the Court to waive the exhaustion requirements. See Record Document 37 at 3. McCallister bases this request on the crisis situation created by the COVID-19 pandemic and the slow nature of the administrative process. See id. at 3.

    The Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities. Yet, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse McCallister's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief McCallister requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There,

Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.").

The Court shares McCallister's concerns about the effect of the COVID-19 outbreak in BOP facilities. However, those concerns are not being ignored by the BOP or this Court. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors. See Record Document 36 at 7-8. This Court believes the BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate. The better judgment in this instance is to allow the BOP's established process a chance to work. Thus, McCallister's request for immediate release to home confinement and his alternative request for the Court to recommend to the BOP that he be released on May 27, 2020 directly to home confinement are **DENIED**.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that McCallister's motion for compassionate release (Record Document 33) be and is hereby **DENIED** at this time, subject to re-urging if McCallister exhausts his administrative remedies as set forth in Section 3852(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT